UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MARIAH LOPEZ,

                                               Plaintiff,

               -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, P.O.s  JOHN and JANE DOE #1-50,
individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown), DISTRICT ATTORNEY ROBERT
MORGENTHAU, in his official capacity, and STEVEN
LAWYER,

                                               Defendants.

**COMPLAINT**

08 Civ. 3311 (DLC)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------X

      Plaintiff MARIAH LOPEZ, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of her civil rights by defendants THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND KELLY, P.O.s JOHN and JANE DOE #1-50 ("Municipal Defendants"), and DISTRICT ATTORNEY ROBERT MORGENTHAU, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

      2.     Plaintiff also asserts claims pursuant to 42 U.S.C. §§ 1985 and 1988 against defendant STEVEN LAWYER.

3.  Plaintiff also asserts supplemental state law tort claims against defendant STEVEN LAWYER.

## JURISDICTION

4.  This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

5.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

6.  Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

7.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8.  Plaintiff MARIAH LOPEZ is a transgender Latina, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

9.  Defendant STEVEN LAWYER is a citizen of the United States, and at all relevant times a resident of the City and State of New York.

10. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal

Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

12. That at all times hereinafter mentioned, the individually named defendant POLICE COMMISSIONER RAYMOND KELLY was the Commissioner of said department and was acting according to his official duties.

13. That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-50 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

14. That at all times hereinafter mentioned, the individually named defendant DISTRICT ATTORNEY ROBERT MORGENTHAU was the New York County District Attorney.

15. That at all times hereinafter mentioned the Municipal Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

16. Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

17. Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

18. In May 2006, plaintiff MARIAH LOPEZ was arrested by officers from the 6th Precinct of the New York City Police Department, in Manhattan, New York.

19. Defendant police officers handcuffed plaintiff MARIAH LOPEZ and took her into custody, despite defendants' knowledge that they lacked probable cause to do so.

20. Defendant police officers physically assaulted plaintiff MARIAH LOPEZ in their vehicle and at the 6th Precinct.

21. As a result of these unprovoked assaults, plaintiff MARIAH LOPEZ sustained physical injuries.

22. While at the 6th Precinct, plaintiff MARIAH LOPEZ attempted to file criminal charges against the "complaining witness," but she was not permitted to do so.

23. Defendants initiated criminal proceedings against plaintiff MARIAH LOPEZ despite defendants' knowledge that they lacked probable cause to do so.

24. All charges against plaintiff MARIAH LOPEZ were eventually dismissed.

25. In June 2006, plaintiff MARIAH LOPEZ was again arrested by officers from the 6th Precinct.

26. Defendant police officers physically assaulted plaintiff MARIAH LOPEZ at the 6th Precinct.

27. As a result of this unprovoked assault, plaintiff MARIAH LOPEZ sustained physical injuries.

28. In July 2007, plaintiff MARIAH LOPEZ was again arrested by officers from the 6th Precinct.

29. Defendant police officers handcuffed plaintiff MARIAH LOPEZ and took her into custody, despite defendants' knowledge that they lacked probable cause to do so.

30. Plaintiff MARIAH LOPEZ was arrested based upon false information provided by defendant STEVEN LAWYER.

31. Defendant police officers knew or should have known that the information was false.

32. While at the 6th Precinct, plaintiff MARIAH LOPEZ attempted to file criminal charges against defendant STEVEN LAWYER, but she was not permitted to do so.

33. Defendants initiated criminal proceedings against plaintiff MARIAH LOPEZ despite defendants' knowledge that they lacked probable cause to do so.

34. The criminal court complaint was based upon false information provided by defendant STEVEN LAWYER.

35. Defendant police officers knew or should have known that the information was false.

36. All charges against plaintiff MARIAH LOPEZ were eventually dismissed.

37. In September 2007, plaintiff MARIAH LOPEZ was again arrested by officers from the 6th Precinct.

38. Defendant police officers handcuffed plaintiff MARIAH LOPEZ and took her into custody, despite defendants' knowledge that they lacked probable cause to do so.

39. Plaintiff MARIAH LOPEZ was arrested based upon false information provided by defendant STEVEN LAWYER.

40. Defendant police officers knew or should have known that the information was false.

41. All charges against plaintiff MARIAH LOPEZ were dropped when the District Attorney's Office declined to prosecute.

42. During one or more of the above-mentioned arrests, plaintiff MARIAH LOPEZ was subjected to manual gender checks that included, *inter alia*, groping her breasts and genitals.

43. Upon information and belief, defendant POLICE COMMISSIONER RAYMOND KELLY was personally involved, *inter alia*, in formulating and/or implementing the policies and procedures that resulted in plaintiff being subjected to manual gender checks.

44.     Upon information and belief, defendant DISTRICT ATTORNEY ROBERT MORGENTHAU failed to formulate and/or implement policies and procedures to ensure that transgender individuals were not subjected to biased, selective, and over-zealous prosecution.

45.     As a result of the foregoing, plaintiff MARIAH LOPEZ sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

48.     All of the aforementioned acts deprived plaintiff MARIAH LOPEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

49.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

50.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

51. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

53. As a result of the aforesaid conduct by defendants, plaintiff MARIAH LOPEZ was subjected to illegal, improper and false arrests by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

54. As a result of the foregoing, plaintiff MARIAH LOPEZ' liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants misrepresented and falsified evidence before the District Attorney.

57. Defendants did not make a complete and full statement of facts to the District Attorney.

58. Defendants withheld exculpatory evidence from the District Attorney.

59. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff MARIAH LOPEZ.

60.Defendants lacked probable cause to initiate criminal proceedings against plaintiff MARIAH LOPEZ.

61.Defendants acted with malice in initiating criminal proceedings against plaintiff MARIAH LOPEZ.

62.Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff MARIAH LOPEZ.

63.Defendants lacked probable cause to continue criminal proceedings against plaintiff MARIAH LOPEZ.

64.Defendants acted with malice in continuing criminal proceedings against plaintiff MARIAH LOPEZ

65.Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

66.Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MARIAH LOPEZ' favor when all charges against plaintiff were dismissed.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

67.Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.Defendants issued legal process to place plaintiff MARIAH LOPEZ under arrest.

69.Defendants arrested plaintiff MARIAH LOPEZ in order to obtain a collateral objective outside the legitimate ends of the legal process.

70.Defendants acted with intent to do harm to plaintiff MARIAH LOPEZ without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff MARIAH LOPEZ' constitutional rights.

73. As a result of the aforementioned conduct of defendants, plaintiff CHRIS SFORZA was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## CONSPIRACY UNDER 42 U.S.C. § 1983

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Defendants, collectively and individually, entered into an agreement to act in concert to deprive plaintiff MARIAH LOPEZ of her constitutional rights.

76. In participating in the false arrest and malicious prosecution of plaintiff MARIAH LOPEZ, defendants committed overt acts in furtherance of the conspiracy.

77. As a result of the foregoing, plaintiff MARIAH LOPEZ sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of her constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## CONSPIRACY UNDER 42 U.S.C. § 1985

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendants, collectively and individually, entered into an agreement to act in concert to deprive plaintiff MARIAH LOPEZ of her constitutional right to equal protection under the law.

80. In participating in the false arrest and malicious prosecution of plaintiff MARIAH LOPEZ, defendants committed overt acts in furtherance of the conspiracy.

81. Defendants' actions were motivated by animus toward transgender individuals.

82. As a result of the foregoing, plaintiff MARIAH LOPEZ sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of her constitutional rights.

### EIGHTH CLAIM FOR RELIEF
### VIOLATION OF EQUAL PROTECTION UNDER 42 U.S.C. § 1983

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Plaintiff MARIAH LOPEZ was not permitted to file criminal charges against the "complaining witnesses."

85. Individuals who are not transgender are routinely permitted to file criminal charges against individuals who have victimized them.

86. In failing to permit plaintiff MARIAH LOPEZ to file criminal charges against the "complaining witnesses," defendants violated plaintiff's right to equal protection and deprived her of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

### NINTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Each and every individual defendant had an affirmative duty to intervene on plaintiff

MARIAH LOPEZ' behalf to prevent the violation of her constitutional rights.

89. The individual defendants failed to intervene on plaintiff MARIAH LOPEZ' behalf to prevent the violation of her constitutional rights despite having had a realistic opportunity to do so.

90. As a result of the aforementioned conduct of the individual defendants, plaintiff MARIAH LOPEZ' constitutional rights were violated and she was subjected to excessive force and sustained physical injuries.

## TENTH CLAIM FOR RELIEF
## <u>MUNICIPAL LIABILITY</u>

91. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Municipal Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

93. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, arresting and prosecuting individuals solely because they are transgender, manufacturing false charges against such individuals, and using excessive force against such individuals.

94. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department also included, but were not limited to, subjecting transgender individuals to invasive searches of their persons, in the absence of individualized suspicion that they are concealing weapons or contraband, for the sole, improper, and unlawful purpose of ascertaining their genital status.

95. The aforementioned customs, policies, usages, practices, procedures and rules of the New York County District Attorney's Office included, but were not limited to, failing to formulate

and/or implement policies and procedures to ensure that transgender individuals were not subjected to biased, selective, and over-zealous prosecution.

96. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and the New York County District Attorney's Office constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARIAH LOPEZ.

97. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and the New York County District Attorney's Office were the direct and proximate cause of the constitutional violations suffered by plaintiff MARIAH LOPEZ as alleged herein.

98. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and the New York County District Attorney's Office were the moving force behind the constitutional violations suffered by plaintiff MARIAH LOPEZ as alleged herein.

99. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and the New York County District Attorney's Office, plaintiff MARIAH LOPEZ was unlawfully assaulted, arrested, and incarcerated.

100. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARIAH LOPEZ' constitutional rights.

101. All of the foregoing acts by defendants deprived plaintiff MARIAH LOPEZ of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

      C.      To be free from unwarranted and malicious criminal prosecution;

      D.      To be free from malicious abuse of process;

      E.      Not to have excessive force imposed upon her;

      F.      Not to have cruel and unusual punishment imposed upon her; and

      G.      To receive equal protection under the law.

102. As a result of the foregoing, plaintiff MARIAH LOPEZ is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) against all defendants, jointly and severally, and is further entitled to punitive damages in the sum of ten million dollars ($10,000,000.00) against all defendants except for the City of New York, jointly and severally.

### PENDANT STATE CLAIMS AGAINST STEVEN LAWYER

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW FALSE ARREST

103. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104. Defendant STEVEN LAWYER caused the arrest of plaintiff MARIAH LOPEZ.

105. Defendant STEVEN LAWYER provided false and misleading information to the New York City Police Department in order to secure the arrest of plaintiff MARIAH LOPEZ.

106. As a result of the aforesaid conduct by defendant STEVEN LAWYER, plaintiff MARIAH LOPEZ was subjected to an illegal, improper and false arrest by the Municipal Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Municipal Defendants in criminal proceedings.

107. The aforesaid actions by defendant STEVEN LAWYER led to a deprivation of

plaintiff MARIAH LOPEZ' rights as secured under New York State law.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## <u>MALICIOUS PROSECUTION</u>

108. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109. Defendant STEVEN LAWYER provided prosecutors with false information in an attempt to induce the prosecution of plaintiff MARIAH LOPEZ.

110. Defendant STEVEN LAWYER importuned prosecutors to prosecute plaintiff MARIAH LOPEZ.

111. As a result of the conduct of defendant STEVEN LAWYER, a criminal proceeding against plaintiff MARIAH LOPEZ was commenced.

112. Defendant STEVEN LAWYER urged the continuation of said proceeding despite the fact that he knew that plaintiff MARIAH LOPEZ had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

113. Defendant STEVEN LAWYER was directly and actively involved in the initiation of criminal proceedings against plaintiff MARIAH LOPEZ.

114. Defendant STEVEN LAWYER knew that there was no probable cause to initiate criminal proceedings against plaintiff MARIAH LOPEZ.

115. Defendant STEVEN LAWYER was motivated by actual malice in initiating criminal proceedings against plaintiff MARIAH LOPEZ.

116. Defendant STEVEN LAWYER misrepresented and falsified evidence before the District Attorney.

117. Defendant STEVEN LAWYER did not make a complete and full statement of facts to

the District Attorney.

118.  Defendant STEVEN LAWYER withheld exculpatory evidence from the District Attorney.

119.  Defendant STEVEN LAWYER was directly and actively involved in the continuation of criminal proceedings against plaintiff MARIAH LOPEZ.

120.  Defendant STEVEN LAWYER knew that there was no probable cause to urge the continuation of criminal proceedings against plaintiff MARIAH LOPEZ.

121.  Defendant STEVEN LAWYER was motivated by actual malice in urging the continuation of criminal proceedings against plaintiff MARIAH LOPEZ.

122.  Notwithstanding the perjurious and fraudulent conduct of defendant STEVEN LAWYER, the criminal proceedings ended in a favorable termination when all charges against plaintiff MARIAH LOPEZ were dismissed.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

123.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.  Defendant STEVEN LAWYER urged the Municipal Defendants to issue legal process to place plaintiff MARIAH LOPEZ under arrest.

125.  Defendant STEVEN LAWYER urged the Municipal Defendants to arrest plaintiff MARIAH LOPEZ to obtain a collateral objective outside the legitimate ends of the legal process.

126.  Defendant STEVEN LAWYER acted with intent to do harm to plaintiff MARIAH LOPEZ, without excuse or justification.

127.  As a result of the aforementioned conduct, plaintiff MARIAH LOPEZ suffered emotional injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

128.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "127" with the same force and effect as if fully set forth herein.

129.  The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

130.  The aforementioned conduct was committed by defendant STEVEN LAWYER.

131.  The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff MARIAH LOPEZ.

132.  As a result of the aforementioned conduct, plaintiff MARIAH LOPEZ suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**<u>PRIMA FACIE TORT</u>**

133.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.  Defendant STEVEN LAWYER, by the aforesaid conduct, inflicted harm upon plaintiff MARIAH LOPEZ.

135.  The aforesaid conduct of defendant STEVEN LAWYER was intentional.

136.  The aforesaid conduct of defendant STEVEN LAWYER was without any excuse or justification

137.  As a result of the conduct of defendant STEVEN LAWYER, plaintiff MARIAH LOPEZ sustained, *inter alia*, severe emotional distress, embarrassment, and humiliation, deprivation of her constitutional rights, and special damages.

138.    As a result of the foregoing, plaintiff MARIAH LOPEZ is entitled to compensatory damages against defendant STEVEN LAWYER in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages in the sum of ten million dollars ($10,000,000.00).

**WHEREFORE**, plaintiff demands judgment against all defendants, jointly and severally, in the sum of ten million dollars ($10,000,000.00) in compensatory damages and against all defendants except for the City of New York, jointly and severally, in the sum of ten million dollars ($10,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:       New York, New York
             April 2, 2008

                                        _____/s_____
                                        ROSE M. WEBER (RW 0515)
                                        225 Broadway, Suite 1607
                                        New York, NY 10007
                                        (212) 748-3355