UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

MARIAH LOPEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND KELLY, P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown), DISTRICT ATTORNEY ROBERT MORGENTHAU, in his official capacity, and STEVEN LAWYER,

Defendants.

---------------------------------------------------------------------- x

**ANSWER**

08 CV 03311 (DLC)

**JURY TRIAL DEMANDED**

Defendants City of New York, Raymond Kelly, and Robert Morgenthau ("City defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that Robert Morgenthau is the New York County District Attorney.

15. Paragraph "15" of the complaint contains conclusions of law rather than averments of fact and, accordingly, no response is required.

16. Paragraph "16" of the complaint contains conclusions of law rather than averments of fact and, accordingly, no response is required.

17. Paragraph "17" of the complaint contains conclusions of law rather than averments of fact and, accordingly, no response is required.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was arrested in May of 2006.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint, except admit that plaintiff was arrested in June 2006.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff was arrested in July of 2007.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint, except admit that plaintiff was arrested based on information provided by a complaining victim.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint, except admit that that criminal court complaint was based on information provided by a complaining victim.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint, except admit that plaintiff was arrested in September of 2007.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint, except admit that plaintiff was arrested based on information provided by a complaining victim.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "45" inclusive of their answer, as is fully set forth herein.

47. Defendants state that allegations set forth in paragraph "47" of the complaint are conclusions of law rather then averments of fact, and accordingly, no response is required.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Defendants state that allegations set forth in paragraph "49" of the complaint are conclusions of law rather then averments of fact, and accordingly, no response is required.

50. Defendants state that allegations set forth in paragraph "50" of the complaint are conclusions of law rather then averments of fact, and accordingly, no response is required.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "51" inclusive of their answer, as is fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" though "54" inclusive of their, as is fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. In response to the allegations set forth in paragraph "67" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "66" inclusive of their answer, as is fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. In response to the allegations set forth in paragraph "71" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "70" inclusive of their answer, as is fully set forth herein.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. The allegations set forth in paragraph "73" of the complaint concern an individual named Chris Sforza, who, upon information and belief, is not a party to this action.

74. In response to the allegations set forth in paragraph "74" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "73" inclusive of their answer, as is fully set forth herein.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "77" inclusive of their answer, as is fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. In response to the allegations set forth in paragraph "83" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "82" inclusive of their answer, as is fully set forth herein.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. In response to the allegations set forth in paragraph "87" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "86" inclusive of their answer, as is fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. In response to the allegations set forth in paragraph "91" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "90" inclusive of their answer, as is fully set forth herein.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint, including all subparts.

102. Deny the allegations set forth in paragraph "102" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

103. In response to the allegations set forth in paragraph "103" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "102" inclusive of their answer, as is fully set forth herein.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the complaint.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the complaint.

106. Deny the allegations set forth in paragraph "106" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning defendant Steven Lawyer.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the complaint.

108. In response to the allegations set forth in paragraph "108" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "107" inclusive of their answer, as is fully set forth herein.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the complaint.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the complaint.

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the complaint.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the complaint.

113. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the complaint.

114. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the complaint.

115. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the complaint.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the complaint.

117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the complaint.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the complaint.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the complaint.

120. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the complaint.

121. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the complaint.

122. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the complaint.

123. In response to the allegations set forth in paragraph "123" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "122" inclusive of their answer, as is fully set forth herein.

124. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the complaint.

125. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the complaint.

126. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the complaint.

127. Deny the allegations set forth in paragraph "127" of the complaint.

128. In response to the allegations set forth in paragraph "128" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "127" inclusive of their answer, as is fully set forth herein.

129. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the complaint.

130. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the complaint.

131. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the complaint.

132. Deny the allegations set forth in paragraph "132" of the complaint.

133. In response to the allegations set forth in paragraph "133" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "132" inclusive of their answer, as is fully set forth herein.

134. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the complaint.

135. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the complaint.

136. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the complaint.

137. Deny the allegations set forth in paragraph "137" of the complaint.

138. Deny the allegations set forth in paragraph "138" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

139. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

140. Defendants City of New York, Kelly, and Morgenthau have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

141. At all times relevant to the acts alleged in the complaint, defendants Kelly and Morgenthau acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

142. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of the City defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

143. This action may be barred in whole or in part by the applicable statute of limitations.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

144. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercises of their discretion. Therefore, the City is entitled to governmental immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

145. This action may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

146. Plaintiff failed to satisfy the conditions precedent to suit.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

147. To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrines of immunity from judgmental errors in the exercise of governmental functions.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

148. There was probable cause for the plaintiff's arrests, detentions and prosecutions.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

149. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

150. Plaintiff provoked the incidents.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

151. Any claims against defendant Morgenthau are barred by the 11th Amendment.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

152. Defendants Kelly and Morgenthau were not personally involved in any of the incidents alleged in the complaint.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:**

153. Defendants Kelly and Morgenthau have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants City of New York, Raymond Kelly, and Robert Morgenthau request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 26, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for City Defendants
100 Church Street, Room 3-212
New York, New York 10007
(212) 788-1895

By: ______________________________
Jessica T. Cohen (JC 0044)
Assistant Corporation Counsel

cc: Rose Weber, Esq. (by ecf)
225 Broadway, Suite 1607
New York, New York 10007

Docket No. 08 Civ. 3311 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIAH LOPEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND KELLY, P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown), DISTRICT ATTORNEY ROBERT MORGENTHAU, in his official capacity, and STEVEN LAWYER,

Defendants.

**ANSWER**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Jessica T. Cohen*
*Tel: (212) 788-1895*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.* .......................................... *,2008*

.................................................................... *Esq.*

*Attorney for* ........................................................